# CONDAS v. STAPLES et ux.

No. 7237.   Decided May 24, 1949.   (206 P. 2d 628.)

See 64 C. J., Trial, sec. 1092.   3 Am. Jur. 675.

*Harry G. Metos*, Salt Lake City, for appellant.

*E. L. Schoenhals*, Salt Lake City, for respondents.

WOLFE, Justice.

Appeal on the judgment roll by plaintiff from an adverse judgment in the district court.

The appellant contends that the court failed as to the first cause of action to make any findings of fact and conclusions of law and judgment on the main issue presented by the pleadings. Apparently she takes the position that she raised in her first cause of action the issue as to whether she owned

up to a certain fence which she claims separated her property on the south from that of the defendants and which fence she states that defendants tore down. She alleges the defendants were erecting or threatening to erect a building two feet inside the fence line on her property.

We have some doubt as to whether the plaintiff set out in her complaint sufficient allegations to form the basis for an issue of acquiescence in the fence as a boundary line. She first alleges that she

"is the owner and in possession of the following tract of land, together with buildings and improvements thereon, situated in Salt Lake County, State of Utah, to wit: 'Commencing 82.5 feet South of the Northwest corner of Lot 4, Block 2, Plat "A" Salt Lake City Survey, thence South 86.5 feet thence northerly 88° 55′ 30″ East 181.5 feet, thence North 91.75 feet, thence West 16.5 feet, thence South 8.25 feet, thence West 165 feet to place of beginning.' "

She then follows with an allegation

"that said premises were for more than 30 years prior to the commencement of this action enclosed with a good substantial fence * * *; that plaintiff has been and still is in possession of said premises up to the line of the fences enclosing the same, and that her possession and that of her predecessors has been, for more than 30 years prior to the commencement of this action open, notorious, continuous uninterrupted and adverse under claim of right and color of title thereto against all persons and all the world."

The complaint further alleges

"That the defendants are the owners and in possession of part of lot 4, Block 2, Plat A, adjoining the plaintiff's said lot and premises on the south, and that the plaintiff's fence line, enclosing said premises between the defendants said lot and plaintiff's said lot was a good substantial fence and was a dividing line between plaintiff's and defendants' lots and premises for more than 30 years last past."

The above are all the allegations touching on the part which the fence plays in establishing any right in the strip of land bounded on the south by the fence. Plaintiff did not allege that there was any dispuite or doubt as to the location of the boundary nor any facts which would form the

basis for an estoppel in that the defendant acted in such a manner as to lead her to believe that the fence was the boundary line and that she acted on such belief to her detriment.

Assuming that the allegations respecting the existence of the fence and occupancy by the plaintiff up to it are ultimate facts, we find it impossible to ascertain whether the right to the strip of land bounded on the south by the fence is claimed by virtue of adverse possession or by acquiescence or estoppel. Not having before us the evidence, we do not know what theory or theories were advanced by the plaintiff and therefore what interpretation was placed on these allegations as the real basis for plaintiff's claimed right to the strip of land. We must assume that there was no evidence which would require any other finding by the court as to ownership than that made by him, to wit, the finding that each party owned and was entitled to possession of the tracts of land described in their respective conveyances, setting out in the findings the description of the premises evidently taken from the abstract of title which was received in evidence.

If there were an issue tendered by the pleadings that the south boundary of the plaintiff's land corresponded with the location of the fence mentioned in the complaint we must conclude either that there was no evidence in support of such allegation or if evidence was introduced in support of it that the court rejected the claim that it marked the boundary line between the two tracts of land. The court, by finding that each of the parties was the owner and entitled to the possession of land as described in the respective conveyances, must have impliedly rejected the contention that the plaintiff had obtained, by adverse possession or by acquiescence or estoppel or any other valid means, a strip from 2 to 4 feet wide bounded by the fence mentioned in plaintiff's complaint and part of the land described in the deeds as conveyed to the defendants.

The plaintiff in her second cause of action alleged that defendants unlawfully entered and trespassed upon her land, tore down the fence and cut down trees which were inside the plaintiff's premises (i. e., in the strip claimed by plaintiff as aforesaid) and proceeded to erect a building on the premises belonging to the plaintiff (i. e., on the strip mentioned in the first cause of action of plaintiff's complaint).

She further alleged as part of said second cause of action that in cutting down said trees the defendants allowed the same to fall upon and against one of the buildings belonging to the plaintiff to the damage of the latter in the sum of $500. The court granted a nonsuit as to ▮ this alleged cause of action. In absence of a transcript we cannot say that the court erred in so granting a nonsuit. We must presume that there was no sufficient evidence to support the allegations as to trespass and/or damages as alleged in the plaintiff's second cause of action. This fits in with the findings as to the first cause of action.

From what has been above said it follows that we cannot hold that the lower court erred in the rulings complained of or in failing to make findings of fact and conclusions of law in reference to the claim that the fence mentioned in the complaint was the south boundary of the plaintiff's tract of land.

The judgment is affirmed. Costs are awarded to the respondents.

PRATT, C. J., and WADE, LATIMER and McDONOUGH, JJ., concur.